UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:                                                                                          Bankruptcy No. 10-30061
                                                                                                Chapter 13
Jason Walter Lautt
dba JWL Construction,

                Debtor.
_____/

## MEMORANDUM AND ORDER

This matter is before the Court to consider confirmation of Debtor Jason Walter Lautt's Third Amended Chapter 13 Plan.

Debtor filed for bankruptcy under Chapter 13 of the United States Bankruptcy Code on January 22, 2010, and filed a Chapter 13 Plan on February 5, 2010. Several creditors filed objections to the plan, and Debtor filed an Amended Chapter 13 Plan on April 28, 2010. Creditor Nicole Stevahn filed an objection to the plan on May 4, 2010. Debtor filed a Second Amended Chapter 13 Plan on May 4, 2010. The Chapter 13 trustee assigned to this case, Wayne Drewes, filed a trustee's report recommending confirmation of the Second Amended Plan on May 6, 2010. On May 21, 2010, Debtor filed a Third Amended Chapter 13 Plan. The Court held a hearing to consider confirmation of the plan on December 16, 2010. At the time of the hearing, the other objecting creditors had withdrawn their objections, and only Stevahn's objection to the plan remained. For the reasons stated below, Stevahn's objection to the plan is overruled.

### I. Background

The facts in this case are not in dispute. Debtor and Stevahn were married from June 1998 to March 2008. During the marriage, Debtor owned a construction business. The business had an account at Gate City Bank in the names of Debtor and Stevahn ("Nicole Lautt" at the time) individually as well as "DBA JL CONSTRUCTION." The bank statement for the period ending

January 23, 2005 shows a balance of -$7,070.70.[1]  The statement also says, "FORCE CLOSED BUSINESS CHECKING."  The account statement from the period ending March 22, 2005, indicates that the account was closed and sent to collection on February 23, 2005.  Gate City Bank assigned its claim to United Accounts, Inc.

Debtor and Stevahn divorced in March 2008.  In an Order Amending Amended Judgment, filed July 17, 2008, the state court adjudicating the divorce between Debtor and Stevahn decreed:

> [Stevahn] will be responsible for her student loans, her vehicle loan on the 2005 Cobalt, and all other debts incurred in her name except for any debts which may be incurred in her name but are debts associated with [Debtor's] business. [Debtor] shall be responsible for all debts associated with and resulting from his business, all loans due on assets awarded to him, including the pickup, motorcycle and 4 wheeler loan and any other debts in his name.  There are no joint marital debts.

The order includes an indemnification clause that states that each party shall indemnify the other party against liability for any claims of creditors for debts that are the responsibility of the other. The order further provides that neither party shall pay the other any spousal support and that both parties waive any right to receive spousal support in the future.  The order expressly addresses the issue of child support, requiring Debtor to pay Stevahn $779 per month for child support.  Finally, the order states that any payments from one party to another as set forth in the document shall be nondischargeable in bankruptcy.

On August 1, 2008, United Accounts, Inc., Gate City Bank's assignee, obtained a default judgment in state court against Debtor and Stevahn in the total amount of $8,606.88.

---

[1] No explanation was given for the negative balance, aside from Stevahn's testimony that the debt arose solely from Debtor's construction business. She had her own personal account and did not use the business account at all.

2

Debtor filed for relief under Chapter 13 of the United States Bankruptcy Code on January 22, 2010. Stevahn filed a proof of claim in Debtor's bankruptcy case in the amount of $8,608.00. Her proof of claim states the claim is entitled to priority under 11 U.S.C. § 507(a)(1) as a domestic support obligation. In her objection to confirmation, Stevahn asserts, among other things, that the plan does not comply with the confirmation requirements of 11 U.S.C. § 1325 because it does not acknowledge the priority of her claims under 11 U.S.C. § 507.

## II.  Discussion

Section 1325(a)(1) provides that the court shall confirm a plan if the plan complies with the provisions of Chapter 13 and with the other applicable provisions of the Bankruptcy Code.  11 U.S.C. 1325(a)(1).  One such provision is found in section 1322(a)(2), which requires the plan to provide for the full payment of all unsecured claims entitled to priority treatment under section 507, unless the holder of the claim agrees to a different treatment. See 11 U.S.C. § 1322(a)(2). Pursuant to section 507(a)(1)(A), a claim for a "domestic support obligation" is entitled to priority treatment. See 11 U.S.C. § 507(a)(1)(A).

Section 101(14A) defines a "domestic support obligation" as a debt: 1) that accrues before, on, or after the petition date;  2) that is owed to or recoverable by a spouse, former spouse, or child of the debtor, or a governmental unit;  3) that is in the nature of alimony, maintenance, or support of such spouse, former spouse, or child without regard to whether such debt is expressly so designated;  4) that is established or subject to establishment before, on, or after the petition date by reason of applicable provisions of a separation agreement, divorce decree, or property settlement agreement; an order of a court of record; or a determination made in accordance with applicable

3

nonbankruptcy law by a governmental unit; and 5) not assigned to a nongovernmental entity unless assigned voluntarily for the purpose of collecting the debt. 11 U.S.C. § 101(14A).

The debt at issue unquestionably meets all of the criteria of section 101(14A), except whether the debt is "in the nature of alimony, maintenance, or support."[2] Whether a debt is in the nature of support is a question of federal law. Phegley v. Phegley (In re Phegley), No. 10-6063, 2011 WL 207962, at *3 (B.A.P. 8th Cir. Jan. 25, 2001). When deciding whether a debt should be characterized as one for support or property settlement, the crucial question is the function the award was intended to serve. Id. at *2 (citations omitted). A divorce decree's characterization of an award as maintenance or alimony does not bind a bankruptcy court but is a starting point for the determination of the award's intended function. Id. at *3. Factors considered by courts in determining whether a debt is for support or a property settlement include: the language and substance of the agreement in the context of surrounding circumstances, using extrinsic evidence if necessary; the relative financial conditions of the parties at the time of the divorce; the respective employment histories and prospects for financial support; the fact that one party or another receives the marital property; the periodic nature of the payments; and whether it would be difficult for the former spouse and children to subsist without the payments. Id.

The debt at issue in this case arises out of a business debt. The divorce decree provides that Debtor is responsible for all business debts, but nothing in the divorce decree indicates that Debtor's

---

[2] Section 101(14A) was added to the Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). Pre-BAPCPA case law as to whether a debt is "in the nature of support" within the meaning of section 523(a)(5) remains applicable to a determination as to whether a debt is "in the nature of alimony, maintenance, or support" under section 101(14A). Phegley v. Phegley (In re Phegley), No. 10-6063, 2011 WL 207962, at *2 (B.A.P. 8th Cir. Jan. 25, 2001).

4

responsibility for the debt at issue had anything to do with alimony, maintenance, or support. Rather, the decree expressly provides that neither party shall pay the other any spousal support and that both parties waive any right to receive spousal support in the future. The decree also contains a specific provision for child support. The decree did not provide for monthly payments from Debtor to Stevahn on this debt. The Court has no further evidence before it as to other factors, such as the relative financial conditions of the parties at the time of the divorce, the respective employment histories and prospects for financial support of the parties, or whether it would be difficult for Stevahn to subsist without payment on the debt. The evidence before the Court supports the conclusion that the debt at issue is in essence a property settlement and not support. The debt therefore is not a domestic support obligation as defined by section 101(14A).

The Court has considered all other arguments and deems them to be without merit.

### III.  Conclusion

Debtor's obligation to Stevhan in the amount of $8,606.88 is not a domestic support obligation, and Stevhan's claim, therefore, is not entitled to priority treatment in Debtor's Chapter 13 plan. Accordingly, Stevahn's objection to confirmation of Debtor's plan is OVERRULED. Because no further objections to the plan remain, the Court will enter the confirmation order without further hearing.

**SO ORDERED.**

Dated this February 15, 2011.

**WILLIAM A. HILL, JUDGE**
**U.S. BANKRUPTCY COURT**